# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| TERESA S. ALVARADO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION |
| v. ) | |
| ) | No. 09-1339-JWL |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

## MEMORANDUM AND ORDER

Plaintiff seeks review of a decision of the Commissioner of Social Security (hereinafter Commissioner) denying disability insurance benefits (DIB) and supplemental security income (SSI) under sections 216(i), 223, 1602, and 1614(a)(3)(A) of the Social Security Act. 42 U.S.C. §§ 416(i), 423, 1381a, and 1382c(a)(3)(A) (hereinafter the Act). Finding error as alleged by Plaintiff in the administrative law judge's (ALJ) step four evaluation, the court ORDERS that the Commissioner's decision is REVERSED, and that judgment shall be entered in accordance with the fourth sentence of 42 U.S.C. § 405(g) REMANDING the case for further proceedings consistent with this opinion.

**I.    Background**

Plaintiff applied for DIB and SSI on June 25, 2007 alleging disability since December 23, 1998. (R. 11, 104-13). The applications were denied initially and upon reconsideration, and Plaintiff requested a hearing before an ALJ. (R. 11, 53-54, 68-69). Plaintiff's request was granted, and Plaintiff appeared with counsel and testified at a hearing before ALJ Melvin B. Werner on March 12, 2009. (R. 19-52). On July 9, 2009 ALJ Werner issued his decision, finding at step four of the Commissioner's sequential evaluation process that Plaintiff "is capable of performing past relevant work as a computer operator/data entry person," and that she is, therefore, not disabled within the meaning of the Act. (R. 17). Consequently, he denied Plaintiff's applications. Id. Plaintiff sought, but was denied Appeals Council review of the ALJ's decision. (R. 1-3, 6-7). Therefore, the ALJ's decision is the final decision of the Commissioner. (R. 1); Cowan v. Astrue, 552 F.3d 1182, 1184 (10th Cir. 2008). Plaintiff seeks judicial review.

## II. Legal Standard

The court's jurisdiction and review are guided by the Act. Wall v. Astrue, 561 F.3d 1048, 1051-52 (10th Cir. 2009) (citing 42 U.S.C. § 405(g)); see also, 42 U.S.C. § 1383(c)(3) (final decision in an SSI case "shall be subject to judicial review as provided in section 405(g) of this title"). Section 405(g) of the Act provides, "The findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive." The court must determine whether the factual findings are supported by substantial evidence in the record and whether the ALJ applied the correct legal standard. Lax v. Astrue, 489 F.3d 1080, 1084 (10th Cir. 2007); accord, White v. Barnhart, 287 F.3d 903,

905 (10th Cir. 2001). Substantial evidence is more than a scintilla, but less than a preponderance, and it is such evidence as a reasonable mind might accept to support a conclusion. Wall, 561 F.3d at 1052; accord, Gossett v. Bowen, 862 F.2d 802, 804 (10th Cir. 1988). The court may "neither reweigh the evidence nor substitute [its] judgment for that of the agency." Bowman v. Astrue, 511 F.3d 1270, 1272 (10th Cir. 2008) (quoting Casias v. Sec'y of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991)); accord, Hackett v. Barnhart, 395 F.3d 1168, 1172 (10th Cir. 2005). Whether substantial evidence supports the Commissioner's decision is not simply a quantitative exercise, for evidence is not substantial if it is overwhelmed by other evidence or constitutes mere conclusion. Gossett, 862 F.2d at 804-05; Ray v. Bowen, 865 F.2d 222, 224 (10th Cir. 1989).

An individual is under a disability only if that individual can establish that she has a physical or mental impairment which prevents her from engaging in substantial gainful activity and which is expected to result in death or to last for a continuous period of at least twelve months. Thompson v. Sullivan, 987 F.2d 1482, 1486 (10th Cir. 1993) (citing 42 U.S.C. § 423(d)); accord, Lax, 489 F.3d at 1084 (citing 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A)). The claimant's impairments must be of such severity that she is unable to perform her past relevant work, and cannot, considering her age, education, and work experience, engage in any other substantial gainful work existing in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

The Commissioner uses a five-step, sequential process to evaluate disability. 20 C.F.R. §§ 404.1520, 416.920 (2009); Wilson v. Astrue, 602 F.3d 1136, 1139 (10th Cir.

2010) (citing Williams v. Bowen, 844 F.2d 748, 750 (10th Cir. 1988)).  "If a determination can be made at any of the steps that a claimant is or is not disabled, evaluation under a subsequent step is not necessary."  Wilson, 602 F.3d at 1139 (quoting Lax, 489 F.3d at 1084).

In the first three steps, the Commissioner determines whether the claimant has engaged in substantial gainful activity since the alleged onset, whether she has a severe impairment, and whether the severity of her impairment(s) meets or equals the severity of any impairment in the Listing of Impairments (20 C.F.R., Pt. 404, Subpt. P, App. 1). Williams, 844 F.2d at 750-51.  If the claimant's impairments do not meet or equal a listed impairment, the Commissioner assesses her RFC.  20 C.F.R. §§ 404.1520(e), 416.920(e). This assessment is used at both step four and step five of the sequential process.  Id.

After assessing claimant's RFC, the Commissioner evaluates steps four and five-- whether claimant can perform her past relevant work, and whether, when considering vocational factors of age, education, and work experience, she is able to perform other work in the economy.  Wilson, 602 F.3d at 1139 (citing Lax, 489 F.3d at 1084).  In steps one through four the burden is on claimant to prove a disability that prevents performance of past relevant work.  Blea v. Barnhart, 466 F.3d 903, 907 (10th Cir. 2006); accord, Dikeman v. Halter, 245 F.3d 1182, 1184 (10th Cir. 2001); Williams, 844 F.2d at 751 n.2. At step five, the burden shifts to the Commissioner to show jobs in the national economy within Plaintiff's capacity.  Id.; Haddock v. Apfel, 196 F.3d 1084, 1088 (10th Cir. 1999).

Here, the ALJ found at step four that Plaintiff was not disabled because she was able to perform her past relevant work. Therefore, he did not proceed to step five of the process.

Plaintiff claims the ALJ committed several errors in making his decision. She claims: he erred at step two in finding fibromyalgia "not severe;" he erred in assessing RFC, by failing to consider all of the factors relevant to a credibility determination, by failing to provide an adequate narrative discussion supporting the RFC assessed, by failing to properly weigh the opinions of the medical sources, and by failing to consider all of Plaintiff's impairments in assessing RFC; and, he erred at step four by failing to make specific findings regarding the physical and/or mental demands of Plaintiff's past relevant work. The Commissioner argues that the ALJ properly considered Plaintiff's impairments at step two of the process, or that any step-two error was harmless; that the ALJ made a proper credibility determination which is supported by substantial evidence in the record; that the RFC assessment was proper, and supported by substantial evidence; and that the ALJ properly found at step four that Plaintiff is able to perform her past relevant work.

Plaintiff briefed her step four argument before her other arguments, which differs from the order of the sequential evaluation process. The Commissioner, on the other hand, addressed the issues as the ALJ considered them, in order of the sequential process. The court took the arrangement of Plaintiff's brief as an indication that she believes the step four argument is her best argument, and considered that argument first. It finds

5

remand is necessary because the ALJ erred at step four, and it does not address Plaintiff's remaining arguments. Plaintiff may make those argument to the ALJ on remand.

## III.    Discussion

Plaintiff argues that an ALJ must make specific findings of fact at step four regarding: (1) Plaintiff's RFC, (2) the physical and mental demands of Plaintiff's past relevant work, and (3) Plaintiff's ability to perform her past work given the RFC assessed. (Pl. Br. 13) (citing Soc. Sec. Ruling (SSR) 82-62; Bowman, 511 F.3d 1271-73; Frantz v. Astrue, 509 F.3d 1299, 1303-04 (10th Cir. 2007); Doyal v. Barnhart, 331 F.3d 758, 760-61 (10th Cir. 2003); Winfrey v. Chater, 92 F.3d 1017, 1023 (10th Cir. 1996); Henrie v. Dep't of Health and Human Servs., 13 F.3d 359, 361 (10th Cir. 1993); and Kilpatrick v. Astrue, 559 F. Supp. 2d 1177, 1182-85 (D. Kan. 2008)). The Commissioner argues that the evidence supports the ALJ's step four finding and that Plaintiff does not point to any limitations or requirements that the ALJ overlooked. (Comm'r Br. 11-12).

As Plaintiff asserts, at step four of the sequential evaluation process, the ALJ is required to make specific findings in three phases. Winfrey, 92 F.3d at 1023; accord, SSR 82-62, 1975-1982 West's Soc. Sec. Reporting Serv., Rulings 809, 813 (1983). In phase one, "the ALJ should first assess the nature and extent of [the claimant's] physical limitations." Winfrey, 92 F.3d at 1023. In phase two, the ALJ must "make findings regarding the physical and mental demands of the claimant's past relevant work." Winfrey, 92 F.3d at 1024. Finally, in phase three, the ALJ must determine "whether the claimant has the ability to meet the job demands found in phase two despite the mental

6

and/or physical limitations found in phase one." Id., 92 F.3d at 1023. These findings are to be made on the record by the ALJ. Id. at 1025; see also, SSR 82-62, 1975-1982 West's Soc. Sec. Reporting Serv., Rulings, at 813 ("decision must contain . . . specific findings of fact" regarding each of the three phases).

An ALJ is under no obligation to seek vocational expert (VE) testimony when he decides a case at step four. Kepler v. Chater, 68 F.3d 387, 392 (10th Cir. 1995) (citing Glenn v. Shalala, 21 F.3d 983, 988 (10th Cir. 1994)). And, he may not delegate the step-four analysis to a VE. He may, however, rely on information supplied by a VE regarding the demands of plaintiff's past relevant work (phase two) and whether a person with plaintiff's RFC could meet those demands (phase three), and he may accept the VE's opinions. Doyal, 331 F.3d at 761. The critical distinction is whether the ALJ relies upon the VE testimony in making the findings or whether the ALJ delegates the phase two and phase three findings to the VE. Id. 331 F.3d at 761. Where he makes the phase two and phase three findings and merely quotes VE testimony approvingly in support of those findings, the ALJ has properly relied upon the VE testimony. Id.

The court reproduces the ALJ's entire step-four analysis:

6. The claimant is capable of performing past relevant work as a computer operator/data entry person. This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity (20 CFR 404.1565).

In comparing the claimant's residual functional capacity with the physical and mental demands of this work, the undersigned finds that the claimant is able to perform it as actually and generally performed. The claimant completed a work history noting this work to be compatible with the

residual functional assessment (exhibit 4F[(R. 155-93)]).[1]  This is also consistent with the findings of the vocational experts at the lower level (exhibit l2E [(R. 248-51)]).

(R. 17).  In assessing RFC, the ALJ found Plaintiff "is limited to lifting or carrying 10 pounds, sitting about 6 hours in an 8 hour work day, standing or walking about 2 hours in an 8 hour work day with position alternation every hour or two."  (R. 14).

Substantial evidence does not support the ALJ's findings either that Plaintiff's work history is compatible with the RFC assessed or that the ALJ's step four finding is consistent with the VE findings at the lower level.  Plaintiff reported two jobs on her "Work History Report."  (R. 156-57).  Job No. 1 was a "data entry/computer operator" for the Texas Army National Guard.  (R. 156).  Plaintiff reported the job required sitting only 4 hours, walking 1 hour, and standing 2 hours a day.  Id.  Rather confusingly, Plaintiff reported that the heaviest weight lifted at this job was both 20 pounds and 50 pounds, and that the job frequently required lifting 50 pounds or more.  Id.  Job No. 2 was listed as "computer operator/data entry" for the Treasury Department, and Plaintiff reported the job required sitting 8 hours, walking only 5 minutes, standing only 10 minutes, lifting the heaviest weight as <u>both</u> less than 10 pounds, and 20 pounds.  (R. 157).  As the Commissioner notes in his brief, Plaintiff included information with her "Work History Report" regarding the job of computer operator, indicating that the job required standing

---

[1]As Plaintiff points out, Exhibit 4F is a radiology report regarding Plaintiff's lumbar spine.  (Pl. Br. 14).  Exhibit 4E (R. 155-93), however, is the only "Work History Report" report contained in the record and completed by Plaintiff.  The Commissioner does not object to Plaintiff's characterization.  Therefore, the court finds the ALJ's reference to "exhibit 4F" is a typographical error and should be "Exhibit 4E."

"for extended period daily" and "frequently lift[ing] up to 45 pounds." (R. 192). According to Exhibit 4E, job no. 1 is not compatible with the RFC assessed by the ALJ because it requires standing and walking <u>3</u> hours total in a day, and lifting 20 and 50 pounds. Similarly, job no. 2 is not compatible with the RFC assessed because it requires sitting <u>8</u> hours in a day, and lifting 20 pounds. The ALJ made no attempt to reconcile these ambiguities, he merely stated the work was compatible with the RFC assessed. This is error.

Moreover, the record evidence does not support the ALJ's finding that the "findings of the vocational experts at the lower level" are consistent with the determination that Plaintiff can perform past relevant work. First, it should be noted that Exhibit 12E, cited by the ALJ, is a "Case Development Sheet" documenting the course of the work that was done in developing Plaintiff's disability case from the time it was opened on July 16, 2007 until it was denied initially on October 9, 2007. (R. 248-51). The sheet contains an entry dated "10/09," titled "Voc Statement." (R. 250). It is this statement to which Plaintiff assumes the ALJ is referring as the "findings of the vocational experts at the lower level." The Commissioner does not dispute Plaintiff's assumption, and the court finds nothing else in Exhibit 12E which might be the "findings of the vocational experts at the lower level" as cited by the ALJ. It is the ALJ's duty to provide an explanation for his decision which is capable of meaningful judicial review. Lacking an explanation from the ALJ or an argument from the Commissioner, the court finds that it is this "Voc Statement" to which the ALJ referred in finding that the VE

9

opinions are consistent with the ALJ's step four finding. The "Voc Statement," notes, "RFC in the file is written for light work. Review of the 3369, SEQY, DEQY shows that the clmt's past work as a computer operator/data entry is described as light work; Job #2 on the 3369. Therefore, the clmt can return to her PRW as she describes it." (R. 250). The note is dated "10/09/2007 8:37," and is signed by the examiner, "JAR054." Id.

This statement does not support the ALJ's finding for two reasons. First, as Plaintiff argues, there is no mention of the name of the examiner, there is no evidence regarding the qualifications of the examiner, and there is no evidence in the record from which the court might even conclude that the examiner is, in fact, a vocational expert. (Pl. Br. 14). The Commissioner makes no attempt to resolve the ambiguity presented. Finally, the statement asserts that Plaintiff has an RFC for light work, and that her past relevant work (job no. 2) as she described it is light work. The RFC assessed by the ALJ was for sedentary work, and will not support a finding that Plaintiff can perform light work. Moreover, even if Plaintiff can perform past relevant work as she described it, that fact alone will not support the ALJ's finding that Plaintiff can perform past relevant work as it is generally performed.

The Commissioner's argument that Plaintiff does not point to any limitations or requirements that the ALJ overlooked, misunderstands the significance of the ALJ's step four error. Here the ALJ made a step four finding and provided two bases upon which his finding rests. Both bases are erroneous and are not supported by substantial record evidence. Therefore, it is irrelevant whether the ALJ overlooked certain limitations in

Plaintiff's abilities, or certain demands of the past work. The decision <u>as it stands</u> is simply unsupported by substantial evidence in the record as a whole and must be remanded for proper consideration. On remand, the Commissioner should also consider Plaintiff's remaining arguments.

**IT IS THEREFORE ORDERED** that the Commissioner's decision is REVERSED, and that judgment shall be entered in accordance with the fourth sentence of 42 U.S.C. § 405(g) REMANDING the case for further proceedings consistent with this opinion.

Dated this 18th day of November 2010, at Kansas City, Kansas.

s/ John W. Lungstrum
**John W. Lungstrum**
**United States District Judge**
